### 10180.   CAULEY *v.* THE STATE.

BROYLES, P. J.   1. It does not appear from the record that the trial judge abused his broad discretion in refusing a continuance or a postponement of the case.

2. The 2d special ground of the motion for a new trial, complaining of the exclusion of certain testimony, not having been argued in the brief of counsel for the plaintiff in error, is treated as abandoned.

3. While several excerpts from the charge of the court are excepted to in the amendment to the motion for a new trial, these excerpts are not referred to in the brief of counsel for the plaintiff in error, but the only complaint in their brief, so far as the charge is concerned, is that the *entire* charge was erroneous; and there is no such exception in the amendment to the motion for a new trial. Under such circumstances the grounds of the motion for a new trial complaining of such excerpts will be treated as abandoned, and the correctness of the charge as a whole will not be passed upon.

4. The verdict was authorized by the evidence, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Bloodworth and Stephens, JJ., concur.*
DECIDED JANUARY 23, 1919.

Indictment for sale of liquor, etc. from Taylor superior court—Judge Howard. June 7, 1918.

*Jere M. Moore, C. B. Marshall,* for plaintiff in error.
*C. F. McLaughlin, solicitor-general,* contra.

---

### 9537.   ALEXANDER *v.* CHOSEWOOD.

LUKE, J.   The evidence authorized the verdict in this case, which has the approval of the trial judge. The charge of the court, when considered as a whole, is a fair an full presentation of the law applicable to the facts of the case; and, there being no assignment of error which requires a reversal, the judgment refusing a new trial is

*Affirmed. Wade, C. J., and Jenkins, J., concur.*
DECIDED JANUARY 29, 1919.

Action for damages; from Fulton superior court—Judge Ellis. December 5, 1917.

*R. B. Blackburn, Smith, Hammond & Smith,* for plaintiff in error. *James L. Key,* contra.